# Exhibit A

Michael A. Strauss, SBN 246718
mike@strausslawyers.com
**STRAUSS & STRAUSS, APC**
226 W. Ojai Avenue #101-325
Ojai, CA  93023
Tel: 805.641.6600

Attorneys for Plaintiff Anthony Cody

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**09/06/2022 at 11:14:09 AM**
By: Angela Linhares,
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ANTHONY CODY, an individual, | Case No: 22CV017311 |
| Plaintiff, | |
| v. | **COMPLAINT; JURY DEMAND** |
| LEAFFILTER NORTH, LLC, an Ohio limited liability company; JONATHAN NOVIELLI, an individual; JAMES ANAGNOS, an individual; and DOES 1 through 100, inclusive, | |
| Defendants. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Anthony Cody (Plaintiff or CODY) hereby submits this Complaint against Defendants Leaffilter North, LLC (LEAFFILTER), Jonathan Novielli (NOVIELLI), James Anagnos (ANAGNOS), and Does 1 through 100 (collectively "Defendants") as follows:

## PARTIES

1.      Plaintiff is an individual who, during the actions giving rise to this action, resided in the State of California, County of Contra Costa, City of Walnut Creek.  He currently resides in the State of Georgia, City of Buford.

2.      Defendant LEAFFILTER is an Ohio limited liability company with its principal place of business located at 1595 Georgetown Rd., Hudson, OH 44236.

3.      Defendant NOVIELLI is an individual who, upon information and belief, resides in the State of California, County of Fresno.

4.      Defendant ANAGNOS is an individual who, upon information and belief, resides in the State of California, County of Contra Costa.

5.      Plaintiff does not know the true names or capacities of the Defendants sued as Does 1 through 100, inclusive, and by reason thereof sues these Defendants under such fictitious names. When their true names and capacities have been ascertained, Plaintiff will amend this Complaint to reflect the same.  Plaintiff is informed and believes and based thereon alleges that such fictitiously named Defendants were the agents, servants, and employees of each of the named Defendants and, in doing the acts and things hereinafter alleged, were at all times acting within the course and scope of said agency, servitude, and employment and with the permission, consent, and approval, or subsequent ratification, of each of the named Defendants.

6.      Plaintiff further alleges that Defendants and Does 71 through 100, inclusive, constituted an "integrated enterprise" and "integrated employers" with interrelated operations, common management, centralized control of labor relations, and common ownership and/or financial control.  Plaintiff also alleges that the Defendants and Does 71 through 100, inclusive, were, at all times relevant hereto, the alter egos of each other, and/or the agents of each other. Whenever reference is made to Defendants, it is intended to include all of the named Defendants

as well as the Roe Defendants.  Each of the fictitiously named Roe Defendants is responsible in some manner for the occurrences alleged and proximately caused Plaintiff's damages.

**JURISDICTION AND VENUE**

7.     Jurisdiction and venue are proper in this Court because at least one aggrieved employee, including CODY, performed work for LEAFFILTER in Alameda County, and Labor Code violations occurred in this county as well.  (*Crestwood Behavioral Health, Inc. v. Superior Court of Alameda County* (2021) 60 Cal.App.5th 1069, 1075.)

8.     The amount in controversy in this matter exceeds the sum of $25,000, exclusive of interest and costs.

**GENERAL ALLEGATIONS**

9.     In or about August 2020, CODY began working for LEAFFILTER in South Carolinaa

10.    LEAFFILTER touts itself on its website as the "nation's largest gutter protection company."  LEAFFILTER "provide[s] the most effective debris-blocking professionally installed gutter protection system on the market."

11.    At all times, he worked as a salesperson for LEAFFILTER.  He sold gutter-protection systems to residential homeowners.

12.    In November 2021, Curtis Marshall from LEAFFILTER presented CODY with the opportunity to move to California to perform the same job in the East Bay area.  According to Mr. Marshall, if CODY ever wanted a job working for LEAFFILTER in its West Coast Division, Mr. Marshall would put CODY in the very best possible area and office in order to maximize his earning potential.  Mr. Marshall represented to CODY that he ran LEAFFILTER's entire West Coast Division and knew the LEAFFILTER offices there inside and out, since he visited each office frequently.  Mr. Marshall promised CODY that he would place CODY in the perfect situation.  CODY asked Mr. Marshall which office he should work out of in order to make the most money.  Mr. Marshall represented that LEAFFILTER's Concord office would offer the best chance for CODY to make the most amount of money.  Mr. Marshall was acting within the course and scope of his job when he made these representations to CODY.

13.     These representations were not true, and Mr. Marshall knew that the representations were not true.  At the time Mr. Marshall made these representations to CODY, LEAFFILTER was establishing a new office in Santa Rosa, California, since the Concord office was in a less-desirable market for LEAFFILTER's products.  The top salespersons from the Concord office, plus many of the office support staff, were in the process of transferring to the Santa Rosa office.   The Concord market offered fewer sales opportunities than the Santa Rosa market.  Nevertheless, Mr. Marshall made the representations with the intent that CODY would rely upon them and move to California to work in the Concord office.

14.     CODY reasonably relied on Mr. Marshall's representations.  CODY therefore accepted the reassignment and moved to Walnut Creek, California, and began working out of LEAFFILTER's Concord office.  LEAFFILTER paid none of CODY's relocation costs.

15.     The job CODY held in California was nothing like that LEAFFILTER had represented.  Beginning on his start date of January 1, 2022, CODY at all times worked out of LEAFFILTER's Concord office.  The Concord office lacked support staff, and many leads LEAFFILTER gave to CODY were in poor areas.  He used his personal vehicle to travel to and between customers, though he was required to stop at the Concord office to pick up product before traveling to his customers' locations.  His territory was very large – he was responsible for covering an area within 4.5 hours in any direction of Concord.  CODY also performed worked in his home office in Walnut Creek.

16.     LEAFFILTER at all times classified CODY as an independent contractor, when in fact he should have been classified as an employee.  LEAFFILTER did not reimburse CODY for his business-related automobile travel or any other out-of-pocket business expenses, such as phone, internet, electricity, or gas.  LEAFFILTER did not provide CODY with wage statements.  Indeed, CODY made very little money working in California – a fraction of what he had been making in South Carolina before his move.  LEAFFILTER also never gave CODY a written agreement memorializing the terms of how he earned commissions.  Indeed, LEAFFILTER manipulated CODY's commission payments, often passing onto him costs of doing business, such as hourly pay for installers and credit card fees.

17.     LEAFFILTER also subjected CODY to racial discrimination and harassment in the workplace. CODY's supervisor was Defendant Jonathan NOVIELLI.  The installation manager at the Concord office was Defendant James ANAGNOS, who also controlled CODY's paycheck. The first day CODY entered the Concord office, Anagnos told CODY, who is black, that he "looked like Alabama," because of his skin color.  According to ANAGNOS, CODY "must be from Selma, Alabama" because he was black.  ANAGNOS made other comments, such as words to the effect that CODY "played football obviously or some type of sport because you are black." He stated words to the effect that CODY "must be a democrat" and supported Barak Obama "because you are black."

18.     NOVIELLI made CODY visit black and other minority potential customers, and meanwhile gave Caucasian leads, which were potentially more valuable, to other salespersons. Similarly, NOVIELLI made CODY call on homeowners in minority-majority neighborhoods, telling CODY that he needed "to find common ground with the locals because you are black." NOVIELLI stated words to the effect that CODY "should be able to relate to poverty" because he is black.  NOVIELLI repeatedly told CODY to "play the race card" to sign up customers in minority neighborhoods.  If CODY ever visited a Caucasian household and the property owner treated him with hostility, NOVIELLI instructed CODY to state, "Are you saying you want me to leave because I'm black?"  In phone calls with CODY, NOVIELLI repeatedly used racial epithets to describe persons of other races, telling CODY  that he did so to "get you comfortable" with treating minorities without any feelings of sympathy or compassion.  "This is just what we do out here," NOVIELLI explained.

19.     Once, when CODY's car window was broken, NOVIELLI stated it was "probably because you're black and have out-of-state plates."  "We hate people here from out of California, so you might want to get new plates and new car," he said.  On NOVIELLI's instructions, CODY purchased a Jeep and fitted it with a California license plate.

20.     Because the job in Concord was not as LEAFFILTER had promised, with CODY making very little money, having to pay his own business expenses, and working in a racially hostile and discriminatory work environment, CODY had no choice by to resign his employment.

1 | He did so on May 1, 2022.

2 | **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

3 |       21.     On August 29, 2022, Plaintiff filed a complaint of discrimination against

4 | Defendants LEAFFILTER, NOVIELLI, and ANAGNOS with the California Department of Fair

5 | Employment and Housing obtained an immediate Notice of Case Closure and Right to Sue.

6 |       22.     Plaintiff has fully complied with the administrative prerequisites to the filing of his

7 | claims.

8 |       23.     At all relevant times herein mentioned, Plaintiff was an employee covered under

9 | California Government Code sections 12900 *et seq.*, and under the California Constitution.

10 |       24.     At all relevant times herein mentioned, Defendants LEAFFILTER and Does 71

11 | through 100, inclusive, were employers within the meaning of California Government Code

12 | sections 12900 *et seq.*, and under the California Constitution, and as such, were barred from

13 | participating in employment discrimination, harassment, or retaliation pursuant to California

14 | Government Code sections 12900 et seq., and under the California Constitution.

15 | **FIRST CAUSE OF ACTION**

16 | **Race Discrimination**

17 | **(Against Defendants LEAFFILTER and Does 71 through 100)**

18 |       25.     Plaintiff incorporates by reference the foregoing information and allegations as

19 | though fully set forth herein.

20 |       26.     The conduct of Defendants LEAFFILTER and Does 71 through 100 (hereinafter

21 | collectively "Employers") as described in this complaint constitutes race discrimination.

22 |       27.     The California Fair Employment and Housing Act (FEHA) prohibits employment

23 | discrimination on the basis of race. (Gov. Code, § 12940, subd. (a).)

24 |       28.     Plaintiff is black.

25 |       29.     Employers, and each of them, discriminated against Plaintiff by treating him

26 | differently, denigrating him, humiliating him, denying him employment benefits, and denying him

27 | equal opportunities because of his race.

28 |       30.     Employers' actions were in violation of the FEHA.

31.     At all times, Plaintiff was an employee within the meaning of Governemnt Code section 12926.  At all times during his employment, Plaintiff performed in a competent, satisfactory manner.

32.     Plaintiff is informed and believes, and based thereon alleges, that, in addition to the practices enumerated above, Employers may have engaged in other discriminatory practices against him which are not yet fully known.  At such time as such discrimmatory practices become known to him, Plaintiff will seek leave of Court to amend this Complaint in that regard.

33.     Plaintiff filed Charges of Discrimination with the California Department of Fair Employment and Housing (DFEH).  Plaintiff has exhausted his administrative remedies, received his Notice of Right to Sue, and has timely filed this action.

34.     Employers were aware that Plaintiff was disabled and regarded him as such,

35.     As a direct and proximate result of the wrongful conduct of Employers, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits and other pecuniary loss in an amount according to proof at the time of trial, including without limitation:

            a.      Loss of salary and other valuable employment benefits;

            b.      Prejudgment interest and interest on the sum of damages at the legal rate; and

            c.      Other consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress caused by the conduct of Employers.

36.     As a direct and proximate result of the wrongful conduct of Employers, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all of this damage in an amount according to proof at the time of trial.

37.     In doing the acts alleged herein, Employers, and each of them, acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages, under FEHA, in an amount according to proof at the time of trial.

38.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will

1    continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has

2    incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an

3    award of attorneys' fees and costs.

4          39.    Plaintiff has been generally damaged in an amount within the jurisdictional limits

5    of this Court.

6                              **SECOND CAUSE OF ACTION**

7                              **Harassment because of Race**

8                    **(Against Defendants LEAFFILTER, NOVIELLI, ANAGNOS,**

9                              **and Does 71 through 100)**

10         40.    Plaintiff incorporates by reference the foregoing information and allegations as

11   though fully set forth herein.

12         41.    As referenced hereinabove, Employers and Defendants NOVIELLI and

13   ANAGNOS, and each of them, harassed Plaintiff by, among other actions, treating him as an

14   inferior being, making derogatory comments about him and his race, and making assumptions

15   about Plaintiff's socio-economic status and political affiliations.  According to Defendant

16   NOVIELLI, being racist was "just what we do out here," and Plaintiff had to get comfortable with

17   it.  .

18         42.    At all times, Plaintiff was an employee within the meaning of Government Code

19   section 12926.  At all times during his employment, Plaintiff performed in a competent,

20   satisfactory manner.

21         43.    Plaintiff is informed and believes, and based thereon alleges, that, in addition to the

22   practices enumerated above, Employers may have engaged in other discriminatory practices

23   against him which are not yet fully known.  At such time as such discriminatory practices become

24   known to him, Plaintiff will seek leave of Court to amend this Complaint in that regard.

25         44.    Plaintiff filed Charges of Discrimination with the California Department of Fair

26   Employment and Housing (DFEH).  Plaintiff has exhausted his administrative remedies, received

27   his Notice of Right to Sue, and has timely filed this action.

28         45.    As a direct and proximate result of the wrongful conduct of Employers, and each of

them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits and other pecuniary loss in an amount according to proof at the time of trial, including without limitation:

          a.      Loss of salary and other valuable employment benefits;

          b.      Prejudgment interest and interest on the sum of damages at the legal rate; and

          c.      Other consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress caused by the conduct of Employers.

46.      As a direct and proximate result of the wrongful conduct of Employers, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all of this damage in an amount according to proof at the time of trial.

47.      In doing the acts alleged herein, Employers, and each of them, acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages, under FEHA, in an amount according to proof at the time of trial.

48.      FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of attorneys' fees and costs.

49.      Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## THIRD CAUSE OF ACTION

### Failure to Prevent Discrimination and Harassment

### (Against Defendants LEAFFILTER and Does 71 through 100)

50.      Plaintiff incorporates by reference the foregoing information and allegations as though fully set forth herein.

51.      Employers failed to take reasonable steps to prevent the above-referenced harassment and discrimination in violation of the FEHA.

52.     Despite Plaintiff's complaints about the harassment and discrimination, Employers failed to take any steps to prevent the harassment and discrimination.  As such, Plaintiff was forced to quit his job.

53.     As a result of Employers' failure to take reasonable to prevent the harassment and discrimination, Plaintiff has suffered substantial economic losses in wages and benefits in an amount to be determined at trial.

54.     As a result of Employer's harassment and discrimination and the failure to prevent and/or take reasonable steps to prevent harassment and discrimination, Plaintiff suffered compensatory damages, consisting of mental anguish, humiliation, alienation, emotional distress and embarrassment in a sum according to proof at the time of trial.

55.     At all times, Plaintiff was an employee within the meaning of Government Code section 12926.  At all times during his employment, Plaintiff performed in a competent, satisfactory manner.

56.     Pursuant to California Government Code §12965, Plaintiff requests the award of attorney's fees against Employers under this cause of action.

57.     Plaintiff filed Charges of Discrimination with the California Department of Fair Employment and Housing (DFEH).  Plaintiff has exhausted his administrative remedies, received his Notice of Right to Sue, and has timely filed this action.

58.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Employers described above was done with fraud, oppression and malice, and with a conscious disregard for their right to be free of retaliation, and with the intent, design and purpose of injuring them. Plaintiff is further informed and believe that Employers, through their officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Employers in a sum according to proof at trial.

/////

/////

/////

**FOURTH CAUSE OF ACTION**

**Wrongful [Constructive] Termination in Violation of the FEHA**

**(Against Defendants LEAFFILTER and Does 71 through 100)**

59.     Plaintiff incorporates by reference the foregoing information and allegations as though fully set forth herein.

60.     Plaintiff's employment was constructively terminated in violation of the FEHA as a result of the race discrimination and harassment he suffered in the workplace, as described hereinabove.  Employers additionally denied Plaintiff, because of his race, equal employment opportunities, requiring him to sell to minorities and others in disadvantaged neighborhoods, which resulted in very low earnings.  Plaintiff was therefore forced to quit in order to avoid the harassment and discrimination in the workplace.

61.     At all times, Plaintiff was an employee within the meaning of Government Code section 12926.  At all times during his employment, Plaintiff performed in a competent, satisfactory manner.

62.     Plaintiff is informed and believes, and based thereon alleges, that, in addition to the practices enumerated above, Employers may have engaged in other discriminatory practices against him which are not yet fully known.  At such time as such discriminatory practices become known to him, Plaintiff will seek leave of Court to amend this Complaint in that regard.

63.     Plaintiff filed Charges of Discrimination with the California Department of Fair Employment and Housing (DFEH).  Plaintiff has exhausted his administrative remedies, received his Notice of Right to Sue, and has timely filed this action.

64.     As a direct and proximate result of the wrongful conduct of Employers, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits and other pecuniary loss in an amount according to proof at the time of trial, including without limitation:

    a.     Loss of salary and other valuable employment benefits;

    b.     Prejudgment interest and interest on the sum of damages at the legal rate; and

c.      Other consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress caused by the conduct of Employers.

65.      As a direct and proximate result of the wrongful conduct of Employers, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all of this damage in an amount according to proof at the time of trial.

66.      In doing the acts alleged herein, Employers, and each of them, acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages, under FEHA, in an amount according to proof at the time of trial.

67.      FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of attorneys' fees and costs.

68.      Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

### FIFTH CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**

**(Against Defendants LEAFFILTER and Does 71 through 100)**

69.      Plaintiff incorporates by reference the foregoing information and allegations as though fully set forth herein.

70.      Under California law, it is unlawful for an employer to terminate an employee in violation of a fundamental public policy of the United States of America and/or the State of California.  The FEHA and California Constitution establish fundamental public policies prohibiting harassment, discrimination, or termination of an employee because of his race.

71.      As alleged herein, and in violation of these fundamental public policies, Plaintiff's employment was constructively terminated because of his race.

72.      Employers' decision to constructively terminate Plaintiff was substantially motivated by Plaintiff's protected status in blatant violation of the public policy protections set

12

forth in the FEHA and California Constitution. Plaintiff is informed and believes that Employer's managing agents made the decision to terminate Plaintiff and that Employers ratified their decision.

73.     As a direct and proximate result of the violation of Plaintiff's rights under California law, Plaintiff has sustained and continues to sustain substantial losses of earnings and employment benefits.

74.     As a proximate result of the violation of Plaintiff's right under California law, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

75.     Employers committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff. Plaintiff is thus entitled to punitive damages from Defendants in an amount according to proof.

76.     Plaintiff prays for reasonable costs and attorney fees against said defendants, as allowed by applicable statutes, including but not limited to Civil Code § 1021.5 for plaintiff's prosecution of this action in reference to the time plaintiff's attorney spends pursuing this cause of action as well as any other applicable statutes.

## SIXTH CAUSE OF ACTION

### Failure to Pay Wages

### (Against Defendants LEAFFILTER and Does 1 through 100)

77.     Plaintiff incorporates by reference the foregoing information and allegations as though fully set forth herein.

78.     Plaintiff had an employment relationship with Defendants LEAFFILTER and Does 1 through 100, inclusive.

79.     Defendants LEAFFILTER and Does 1 through 100, inclusive, paid Plaintiff on a commission-only basis, though they never provided Plaintiff with a written commission agreement, as required by Labor Code section 2751.

/////

80.     California law prohibits an employer from passing onto an employee certain costs of doing business, such as administrative fees, credit card fees, and the hourly pay of other employees, such as installers.  (Lab. Code, sections 221, 223, and 224.)

81.     Defendants LEAFFILTER and Does 1 through 100, inclusive, made unauthorized deductions from Plaintiff's commission earnings for such things as "admin fees" and credit card fees and the hourly wages of installers.  The deductions made to Plaintiff's commissions were wages owed to Plaintiff.

82.     Under Labor Code sections 218.5 and 244, Plaintiff brings this action to collect all amounts deducted from his commission earnings for admin fees and credit card fees and hourly pay for installers during the time period he worked in California.  Plaintiff additionally seeks interest on all amounts owed under Labor Code section 218.6.

83.     Plaintiff is entitled to an award of attorney's fees and costs under Labor Code section 218.5.

84.     Plaintiff at all times relevant herein was an employee of Defendants LEAFFILTER and Does 1 through 100, inclusive, even though said Defendants misclassified him as an independent contractor.

### SEVENTH CAUSE OF ACTION

**Failure to Pay Final Wages at Conclusion of Employment**

**(Against Defendants LEAFFILTER and Does 1 through 100)**

85.     Plaintiff incorporates by reference the foregoing information and allegations as though fully set forth herein.

86.     At all times relevant herein, Plaintiff was an employee of Defendants LEAFFILTER and Does 1 through 100, inclusive.

87.     Plaintiff seeks a "waiting-time" penalty under Labor Code section 203.  The penalty available under section 203 is for the willful nonpayment of wages at termination.  (Lab. Code, § 203.)

88.     All wages owed are due and payable within 72 hours of an employee's resignation. (Lab. Code, § 202.)

89.     Defendants LEAFFILTER and Does 1 through 100, inclusive, did not pay Plaintiff all final wages owed when due, because they failed to pay him for all unlawfully deducted commission earnings during the time period he worked in California.

90.     Plaintiff has been available and ready to receive wages owed to him.

91.     Plaintiff has never refused to receive payment of the wages owed, nor has Plaintiff been absent from his regular places of residence.

92.     The failure of Defendants LEAFFILTER and Does 1 through 100, inclusive, to pay Plaintiff wages due and owing Plaintiff, as indicated in prior paragraphs, was willful.  Defendants LEAFFILTER and Does 1 through 100, inclusive, knew that Plaintiff was misclassified as an independent contractor and owed the full commission wages he earned, yet Defendants LEAFFILTER and Does 1 through 100, inclusive, failed to pay him for such earnings as required by California law.

93.     Defendants LEAFFILTER and Does 1 through 100, inclusive, have knowingly refused to pay any portion of the amount due and owing Plaintiff.

94.     Defendants LEAFFILTER and Does 1 through 100, inclusive, cannot use ignorance of the law as an excuse.  (*Hale v. Morgan* (1978) 22 Cal.3d 388, 396 ["It is an emphatic postulate of both civil and penal law that ignorance of a law is no excuse for a violation thereof."].)  The penalty under section 203 is equivalent to 30 days of wages.  (Lab. Code, § 203; *Mamika v. Barca* (1998) 68 Cal.App.4th 487, 492-493.)

95.     Plaintiff seeks a penalty under section 203.

96.     Pursuant to Labor Code section 218.5, Plaintiff requests the Court to award his reasonable attorney's fees and costs incurred in this action.

## EIGHTH CAUSE OF ACTION

### Failure to Reimburse Work-Related Expenses

### (Against Defendants LEAFFILTER and Does 1 through 100)

97.     Plaintiff incorporates by reference the foregoing information and allegations as though fully set forth herein.

98.     Plaintiff, at all times during the period he performed services for Defendants

15

1  LEAFFILTER and Does 1 through 100, inclusive, in California, was an employee of Defendants

2  LEAFFILTER and Does 1 through 100, inclusive.

3      99.   Plaintiff incurred work-related expenses performing his duties for Defendants

4  LEAFFILTER and Does 1 through 100, inclusive.  These expenses include, but are not limited to:

5  all costs related to related to the business use of Plaintiff's personal vehicle, such as wear and tear,

6  insurance, depreciation, and gas; costs related to the business use of Plaintiff's cell phone; and

7  costs related to maintaining and operating a home office, such as Internet, electricity, and gas.

8  Plaintiff reasonably and necessarily incurred these expenses in performing his work for

9  Defendants LEAFFILTER and Does 1 through 100, inclusive.

10     100.  California law requires an employer to reimburse an employee for all reasonable

11  work-related expenses.  (Lab. Code, § 2802.)  This requirement cannot be waived.  (Lab. Code, §

12  2804.)  In violation of California law, however, Defendants LEAFFILTER and Does 1 through

13  100, inclusive, failed to reimburse Plaintiff for all of his reasonable work-related expenses.

14     101.  Plaintiff seeks reimbursement for all of his work-related expenses, as set forth

15  above, plus interest thereon, under Labor Code section 2802.

16     102.  Plaintiff seeks attorney's fees and costs.  (Lab. Code, § 2802.)

17                        **NINTH CAUSE OF ACTION**

18                        **Wage Statement Violations**

19            **(Against Defendants LEAFFILTER and Does 1 through 100)**

20     103.  Plaintiff incorporates by reference the foregoing information and allegations as

21  though fully set forth herein.

22     104.  Plaintiff, at all times during the period he performed services for Employers in

23  California, was an employee of Employers.

24     105.  California law requires an employer to provide employees with wage statements.

25  (Lab. Code, § 226, subd. (a).)

26     106.  If an employee suffers injury as a result of a knowing and intentional failure to

27  comply with Labor Code section 226, subdivision (a), the employee is entitled to "recover the

28  greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation

16

occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." (Lab. Code, § 226, subd. (e)(1).)

107.    An employee is deemed to suffer an injury for the purpose of Labor Code section 226, subdivision (e), if the employer fails to provide a wage statement. (Lab. Code, § 226, subd. (e)(2)(A).)

108.    Plaintiff seeks the maximum penalty available under Labor Code section 226, subdivision (a), because Defendants LEAFFILTER and Does 1 through 100, inclusive, failed to provide him with wage statements. He, therefore, suffered injury pursuant to the statute.

109.    The failure of Defendants LEAFFILTER and Does 1 through 100, inclusive, to provide wage statements was knowing and intentional in that Defendants LEAFFILTER and Does 1 through 100, inclusive, intentionally misclassified Plaintiff as an independent contractor and to provide him with the benefits of being an employee, including without limitation the provision of wage statements. These acts were not isolated and unintentional payroll errors due to a clerical or inadvertent mistake.

110.    Plaintiff is entitled to an award of attorney's fees and costs. (Lab. Code, § 226, subd. (e)(1).)

### TENTH CAUSE OF ACTION

**Violation of Labor Code section 970**

**(Against Defendants LEAFFILTER and Does 71 through 100)**

111.    Plaintiff incorporates by reference the foregoing information and allegations as though fully set forth herein.

112.    Employers made false representations to Plaintiff to induce him to move to California. These false representations include, but are not limited to, that Plaintiff would make more money in California and otherwise have greater success as a salesperson in California than he did in South Carolina.

113.    Employers knew that the representations, as set forth herein, were false and Employers used the misrepresentations to induce Plaintiff to change his employment and move to

17

1   California, a result Employers could not have achieved had they been truthful.

2        114.    Employers intended that Plaintiff rely on the representations as set forth herein.

3        115.    In reliance on the representations and in ignorance of the falsity thereof, Plaintiff

4   changed his place of residence by moving from South Carolina to California for the purpose of

5   working for Defendants as a salesperson.

6        116.    The aforementioned conduct of Employers was an intentional misrepresentation,

7   deceit or concealment of a material fact known to the defendants with the intention of depriving

8   Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that

9   subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights so as to

10  justify an award of exemplary and punitive damages.

11       117.    As a direct, foreseeable and proximate result of the aforementioned wrongful

12  conduct of Employers, and each of them, Plaintiff has suffered and continues to sustain substantial

13  losses in earnings and other employment benefits, and other consequential economic losses, in an

14  amount according to proof at the time of trial.

15       118.    As a direct, foreseeable and proximate result of the aforementioned wrongful

16  conduct of Employers, and each of them, Plaintiff has suffered humiliation, emotional distress,

17  and mental and physical pain and anguish, all to his damage in an amount according to proof at the

18  time of trial.

19       119.    The above-described acts by Employers, by and through their managing agents,

20  officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional

21  manner in order to injure and damage Plaintiff.  Such acts were despicable, and constitute malice,

22  fraud and/or oppression within the meaning of Civil Code section 3294.  In doing the things herein

23  alleged, Employers, and each of them, were guilty of oppression, fraud and malice, and insofar as

24  the things alleged were attributable to employees of Employers, said employees were employed by

25  Employers with advance knowledge of the unfitness of the employees and they were employed

26  with a conscious disregard for the rights of others; or Employers authorized or ratified the

27  wrongful conduct; or there was advance knowledge, conscious disregard, authorization,

28  ratification or act of oppression, fraud or malice on the part of an officer, director or managing

1  agent of Employers, all entitling Plaintiff to the recovery of exemplary and punitive damages in an

2  amount to be proven at the time of trial.

3     120.    In perpetrating the above described actions, the Defendants are subject to the civil

4  penalty provided by Labor Code section 972 for double damages.

5     121.    Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses

6  in an amount according to proof at the time of trial.

7                          **ELEVENTH CAUSE OF ACTION**

8                       **Violation of Labor Code section 226.8**

9            **(Against Defendants LEAFFILTER and Does 71 through 100)**

10    122.    Plaintiff incorporates by reference the foregoing information and allegations as

11 though fully set forth herein.

12    123.    Pursuant to Labor Code section 226.8 (Section 226.8), it is unlawful for any

13 employer to willfully misclassify an individual as an independent contractor.  (Lab. Code, § 226.8,

14 subd. (a)(1).)  Section 226.8 also makes it unlawful to charge "an individual who has been

15 willfully misclassified as an independent contractor a fee, or making any deductions from

16 compensation, for any purpose, including for goods, materials, space rental, services, government

17 licenses, repairs, equipment maintenance, or fines arising from the individual's employment where

18 any of the acts described in this paragraph would have violated the law if the individual had not

19 been misclassified."  (*Id.* at subd. (a)(2).)

20    124.    Defendants LEAFFILTER and Does 1 through 100, inclusive, willfully

21 misclassified Plaintiff as an independent contractor and unlawfully made deductions from his pay

22 that would be illegal had he not been misclassified, all in violation of Section 226.8.

23    125.    Defendants LEAFFILTER and Does 1 through 100, inclusive, violated Section

24 226.8 with respect to other individuals in California who worked as salespersons.

25    126.    The conduct of Defendants LEAFFILTER and Does 1 through 100, inclusive, was

26 willful, voluntary, and knowing.  Defendants LEAFFILTER and Does 1 through 100, inclusive,

27 were previously sued for misclassifying salespersons as independent contractors.  Defendants

28 LEAFFILTER and Does 1 through 100, inclusive, settled the action in 2020 and paid penalties to

the State of California in accordance with the Private Attorneys General Act of 2004 (PAGA). Nevertheless, Defendants LEAFFILTER and Does 1 through 100, inclusive, failed to reclassify their salespersons in California as employees, and continued treating them as contractors.

127.     Plaintiff seeks civil penalties against Defendants LEAFFILTER and Does 1 through 100, inclusive, for violations of Section 226.8.  The penalties are not less than $5,000 or more than $15,000 for each violation.  He seeks such penalties with respect to violations suffered by himself and by all other current and former employees of Defendants LEAFFILTER and Does 1 through 100, inclusive.

128.     On June 27, 2022, Plaintiff gave notice to the California Labor and Workforce Development Agency (LWDA) of his intent to pursue penalties for violations of Section 226.8. The LWDA did not notify Plaintiff or his representative that it intended to investigate the alleged violations.  Sixty-five days have now elapsed, so Plaintiff may commence a civil action.  (Lab. Code, § 2699.3, subd. (2)(A).)  He may recover the civil penalties pursuant to Labor Code section 2699, which permits an aggrieved employee to recover civil penalties for violations of the California Labor Code suffered by himself and all other current and former employees.

129.     Plaintiff seeks the maximum available penalties provided by Section 226.8 for each violation thereof during the time period of June 27, 2021, through the present.  He also seeks his fees and costs pursuant to Labor Code section 2699, subdivision (g)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants, and each of them, as follows:

1.     For general damages according to proof;

2.     For economic damages according to proof;

3.     For injunctive relief;

4.     For punitive damages according to proof;

5.     For all wages owed to Plaintiff under California law according to proof;

6.     For prejudgment interest pursuant to Labor Code sections 218.6 on all wages owed;

7.     For all reasonable and necessary business expenses incurred by Plaintiff according to proof;

8.    For attorney's fees and costs, including expert witness fees, pursuant to Labor Code sections 218.5, 226, 2699, 2802, and Civil Code section 1021.5;

9.    For waiting-time penalties under Labor Code section 203;

10.   For statutory penalties under Labor Code section 226, subds. (e) and (f);

11.   For civil penalties under Labor Code section 226.8, subds. (b) and (c);

12.   For double damages under Labor Code section 972;

13.   For costs of suit; and

14.   For any other and further relief that the Court considers just and proper.

DATED:  September 2, 2022                          STRAUSS & STRAUSS, APC

                                                  By:
                                                  Michael A. Strauss, Esq.
                                                  *Attorneys for Plaintiff Anthony Cody*

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff Anthony Cody hereby demands a trial by jury.

DATED:  September 2, 2022                                    STRAUSS & STRAUSS, APC

By:

Michael A. Strauss, Esq.
*Attorneys for Plaintiff Anthony Cody*

COMPLAINT